IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **REAL PROPERTY MANAGEMENT SPV LLC d/b/a REAL PROPERTY MANAGEMENT, a Delaware limited liability company,**<br><br>Plaintiff,<br><br>vs.<br><br>**AARON TRUITT,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00184-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's Motion to Transfer Venue [ECF No. 35]. After considering the briefs and materials submitted by the parties, the court issues the following Memorandum Decision and Order.

### BACKGROUND

Plaintiff Real Property Management SPV LLC is a franchisor. It sells franchises for businesses which offer property management services to property owners. While its predecessor was organized in Utah, it is now a wholly owned subsidiary of Neighborly Assetco LLC ("Neighborly"), which is headquartered in Texas and has no offices in Utah. Aaron Truitt, a California resident, purchased a Real Property Management ("RPM") franchise in March 2017 with a territory consisting of Alameda County, California. In acquiring this franchise, Defendant and Plaintiff entered into a Franchise Agreement ("Agreement"). The franchise was operated exclusively in Livermore, California in the Northern District of California.

The Agreement contains a forum-selection clause. This clause states that:

1

> **22.2 Consent to Jurisdiction**
>
> Any action brought by either party . . . shall only be brough in the appropriate state or federal court located in or serving Salt Lake City, Utah. The parties waive all questions of personal jurisdiction or venue for the purposes of carrying out this provision. Claims for injunctive relief may be brought by Franchisor where Franchisee is located.

An addendum was also added to the agreement, which states:

> 2. In recognition of the requirements of the California Franchise Investment Law, Cal. Corp. Code §§ 3100-3516 and the California Franchise Relations Act, Cal. Bus. And Prof. Code §§ 20000-20043, the Franchise Agreement for Property Management Business Solutions, LLC is amended as follows:
>
> - The Franchise Agreement requires litigation to be conducted in a court located outside of the State of California. This provision might not be enforceable for any cause of action arising under California law.
>   
>   \*       \*       \*
> - Section 22.7 requires binding arbitration. The arbitration will occur at the forum indicated in Section 22.7 . . . . Prospective franchisees are encouraged to consult legal counsel to determine the applicability of California and Federal laws (such as Business and Professions Code Section 20040.5, Code of Civil Procedure Section 1281, and the Federal Arbitration Act) to any provisions of the Franchise Agreement restricting venue to a forum outside of the State of California.
>
> 3. To the extent this Addendum shall be deemed to be inconsistent with any terms or conditions of said Franchise Agreement . . . the terms of this Addendum shall govern.

The California Franchise Relations Act (Business & Professions Code §§ 20000, et. seq.) provides that:

> A provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state.

Cal. Bus. & Prof. Code § 20040.5

Truitt opened his RPM franchise on November 6, 2017. By April 2023 he decided that he wanted to leave the franchise system to run an independent business. Plaintiff's President, Mr. Pepperny, refused to consider Truitt's plan and insisted that he must comply with the franchise agreement, including all its non-compete provisions. Despite this, Truitt proceeded with his plan

2

to leave RPM. He chose a new name, "True Rent Property Management," found replacements for the business forms RPM provided, obtained Rentvine business software to replace the Appfolio system which RPM requires franchisees to use, created a new website with new content, arranged to use a different telephone number which had not previously been associated with the RParM business and social media. On September 1, 2023, Truitt began doing business as True Rent Real Property Management.

Truitt sent Plaintiff a letter informing it that he had left the system and was operating an independent business on October 5, 2023. Plaintiff did not respond to this letter until the court sent him a Notice of Default on December 29, 2023. After additional correspondence without agreement Plaintiff filed this action and Motion for Preliminary Injunction seeking an order prohibiting Truitt from operating his business [ECF No. 10]. In response to this, Defendant filed a Motion to Transfer Venue to the Northern District of California [ECF No. 35].

## STANDARD OF REVIEW

A motion to dismiss based on a forum selection clause is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992). Federal law governs the District Court's decision whether to give effect to the parties' forum selection clause. *Stewart Org. v. Rich Corp.*, 487 U.S. 22, 32 (1988).  "If the parties have previously agreed that litigation shall be conducted in a particular forum, there is a strong presumption favoring venue in that forum. *See The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Thus, forum-selection clauses are "'prima facie valid and should be enforced' unless found to be unreasonable." *Milk'N'More, Inc. v. Beavert*, 963 F.2d 1342, 1344 (1992) (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1,10 (1972).

3

## DISCUSSION

When assessing forum selection clauses, the Tenth Circuit classifies the forum selection clause as either "mandatory" or "permissive." *K&V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 498 (10th Cir. 2002). "'Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum [. . . , but] permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere.'" *Id.* (quoting *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997). Where venue is specified with mandatory or obligatory language, the clause is classified as mandatory and is enforced. *Id.* at 499. When only jurisdiction is specified, the clause is considered permissive and will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive. *Id.*

In *K&V Scientific Co. v. BMW*, the Tenth Circuit identified the following phrases as mandatory clauses:

> "'In all disputes arising out of the contractual relationship, the action shall be filed in the court which has jurisdiction for the principal place of business of the supplier . . . The supplier also has the right to commence an action against the purchaser at the purchaser's principal place of business.' *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d at 755 . . . (concluding the last sentence 'would be appropriate and meaningful only if the clause were in fact mandatory')."

> "'[P]lace of jurisdiction . . . is the registered office of the trustee [in Germany], to the extent permissible under the law.' *Frietsch v. Refco, Inc.*, 56 F.3d 825, 827 (7th Cir. 1995) . . . (concluding that the phrase 'to the extent permissible under the law . . . would have no function if the [forum selection] clause were not mandatory—if, in other words, a party could sue anywhere he wanted.')."

314 F.3d at 499–500. Here, the forum selection clause is mandatory. It uses the word "only" to limit jurisdiction and venue to the state and federal courts in the state of Utah. Defendant argues

that the addendum recognizing the California Franchise Relations Act should invalidate the forum selection clause, or at the very least, allow transfer of venue to California. This argument, however, is unpersuasive. The presence of the addendum and the second sentence in the forum selection clause that allows franchisors to sue franchisees in a state other than Utah do not invalidate the forum selection clause or make it a permissive clause. As the court explained in *K&V Scientific Co.* these sentences and additions are only "appropriate and meaningful . . . if the clause [is] mandatory." *Id*. at 500.

For these reasons, the forum selection clause is valid and mandatory. Accordingly, Defendants motion is denied.

## CONCLUSION

For the reasons discussed, the court DENIES Defendant's Motion to Transfer Venue.

DATED this 9th day of July 2024.

                BY THE COURT:

                DALE A. KIMBALL
                United States District Judge