**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| REAL PROPERTY MANAGEMENT PSV LLC d/b/a REAL PROPERTY MANAGEMENT, a Delaware limited liability company, <br><br> Plaintiff, <br> vs. <br><br> AARON TRUITT, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS <br><br> Case No. 2:24CV00184 DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Real Property Management SPV LLC d/b/a Real Property Management's ("RPM") Motion for Attorneys' Fees and Costs.[1] The court finds that oral argument would not assist the court in deciding the motion.

After the court issued its Preliminary Injunction Order, the parties engaged in settlement discussions. The parties were able to negotiate a resolution of RPM's claims against Defendant Aaron Truitt ("Mr. Truitt") and agreed that judgment could be entered for RPM on RPM's first claim for relief for breach of contract and fourth claim for injunctive relief relating to Mr. Truitt's breach of contract for the reasons set forth in the Court's Order Granting RPM's Motion for Preliminary Injunction.[2] The parties also agreed that RPM would dismiss its second and third claims for relief for unfair competition under 15 U.S.C. § 1125(a) and violation of the Defend Trade

---

[1] ECF No. 61.

[2] *See* ECF Nos. 57 & 58.

1

Secrets Act under 18 U.S.C. § 1836(b),[3] and the parties also made the court's preliminary injunction permanent. Finally, the parties agreed that RPM could seek reimbursement of its costs incurred in enforcing the Franchise Agreement in this judicial proceeding, including its reasonable accounting and attorneys' fees, in accordance with Section 21.4 of the Franchise Agreement and other applicable law.[4]

In the instant motion, RPM seeks attorneys' fees in the amount of $267,144.30 and non-taxable costs in the amount of $1,711.50, for a total award of $268,855.80. RPM argues that these amounts were reasonably and necessarily incurred, especially in light of the potentially far-reaching consequences of an adverse ruling regarding RPM's rights under contracts that are similar to those in place with other RPM franchisees. Mr. Truitt disagrees and asks the court to reduce the requested fees to an amount that is reasonable under Utah law.

I.      **RPM Is Entitled to an Award of Its Costs and Attorneys' Fees Under the Franchise Agreement and Applicable Law.**

For the reasons stated in RPM's Motion for Fees, the court agrees that RPM is entitled to an award of its costs and attorneys fees.  Mr. Truitt does not dispute that RPM is entitled to an award of reasonable fees and costs, but he claims that RPM was not a prevailing party on half the claims it asserted. He therefore requests that the fees be reduced by half.  The court declines to reduce the requested fees on this basis. First, RPM *voluntarily* dismissed two of its claims. Moreover, it was the breach of contract claim—a claim on which RPM prevailed—that provides for attorneys' fees and costs.  Finally, Utah law is clear that "a party need not segregate its

---

[3] *Id.*

[4] *Id.*

compensable and noncompensable claims if they sufficiently overlap and involve the same nucleus of facts."[5] Here, the claims overlapped and involved the same nucleus of facts as the dismissed claims. Thus, RPM is entitled to a full award of its reasonable costs and attorneys' fees.

**II.      RPM's Attorneys' Fees and Costs Are Reasonable.**

The "[c]alculation of reasonable attorney fees is in the sound discretion of the trial court."[6] Under Utah law, a court considering an award of attorneys' fees should consider four questions central to the reasonableness inquiry:

1.      What legal work was actually performed?

2.      How much of the work performed was reasonably necessary to adequately prosecute [or defend] the matter?

3.      Is the attorney's billing rate consistent with the rates customarily charged in the locality for similar services?

4.      Are there circumstances which require consideration of additional factors, including those listed in the Code of Professional Responsibility?[7]

In assessing these inquiries, the court considers the evidence in the record, including "the hours spent on the case, the hourly rate or rates charged for those hours, and usual and customary rates for such work."[8]

---

[5] *Daynight, LLC v. Mobilight, Inc.*, 2011 UT App 28, ¶ 5, 248 P.3d 1010; *see also Stevensen 3rd E., LC v. Watts*, 2009 UT App 137, ¶ 60, 210 P.3d 977 (holding that a categorization of claims not necessary "where a trial court finds that almost all, if not all, of the legal services performed with respect to an unsuccessful claim were also relevant and necessary with respect to the other issues in the case upon which the party was successful" (cleaned up)).

[6] *Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988).

[7] *Xlear, Inc.*, 893 F.3d at 1241–42 (10th Cir. 2018) (citing *Dixie State Bank*, 764 P.2d at 988).

[8] *Id.* (quoting *U.S.A. United Staffing All., LLC v. Workers' Comp. Fund*, 2000 UT App 160, ¶ 40, 213 P.3d 20)

Having reviewed the evidence and arguments submitted by RPM, along with Mr. Truitt's evidence and arguments in opposition to the reasonableness of the fees, the court finds that the work RPM performed was reasonably necessary to adequately prosecute its claims. RPM's attorneys spent 470.5 hours through the life of this case and incurred a total of $267,144.30 in attorneys' fees and $1,711.50 in non-taxable costs, for a total award of $268,855.80. The court finds that the hours expended by RPM's attorneys were commensurate with those that would have been undertaken by a prudent lawyer in light of the particular issues of the case and the importance of the interests at stake.[9]

Having also considered the prevailing market rate in the Salt Lake City legal community, the court also finds that RPM's attorneys' billing rates are reasonable.  Mr. Truitt has not offered any persuasive explanation as to why the court should find the rates unreasonable—except that they were not what he contemplated from a family business in Utah.  While the rates might have been unexpectedly high based on what Mr. Truitt anticipated, that is not a legitimate reason to find that the rates are not usual and customary.  Thus, based on the criteria set forth in *Dixie State Bank v. Bracken*,[10] the court finds that RPM's request for $267,144.30 in attorneys' fees is reasonable.

---

[9] *See*, *e.g.*, *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998) (stating that a determination of reasonableness may "depend upon facts such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side").

[10] 764 P.2d 985, 988 (Utah 1988).

The court also find that the non-taxable costs for legal research expenses, website preservation services, and filing fees were reasonably and necessarily incurred and are recoverable. Mr. Truitt has not opposed the award of these costs.

Finally, RPM also seeks an award of fees incurred in preparing the attorneys' fees motion, which they suggest would be filed after the court rules on the instant motion. While the court recognizes that many hours of work—at the cost of several thousand dollars—were likely required to draft the motion and supporting memoranda and to compile the evidence to support the motion, the court declines to award fees for this motion.

## CONCLUSION

Based on the reasons set forth above, the court GRANTS RPM's Motion for Attorneys' Fees and Costs [ECF No. 61] in the following amounts: fees in the amount of $267,144.30 and non-taxable costs in the amount of $1,711.50, for a total award of $268,855.80. The court, however, declines to award fees for the instant motion.

DATED this 16th day of March 2026.

BY THE COURT:

_____
DALE A. KIMBALL

5